IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark Noble,

    Plaintiff,

  v.                          Case No. 2:04-cr-1121

Cameron Mitchell
Restaurants, LLC

ORDER

    This is a civil rights action brought by plaintiff Mark Noble against defendant Cameron Mitchell Restaurants, LLC, alleging that he lost a server job at WG Gathers because the defendant told WG Gathers that plaintiff was a trouble-maker who had won a large employment discrimination lawsuit against another restaurant.

    On August 24, 2005, defendant filed a motion to dismiss for failure to prosecute and for sanctions, alleging that plaintiff failed to appear for a duly noticed deposition on August 18, 2005. On September 8, 2005, Magistrate Judge Abel filed a report and recommendation relating to the motion to dismiss.  The magistrate judge noted in the report that plaintiff offered no reasonable excuse for his failure to appear, but that he opposed dismissal as a sanction.  The magistrate judge recommended that the motion to dismiss be denied, but that plaintiff be required to pay defendant five hundred dollars to cover the expenses incurred by defendant, including the stenographer's fee and attorney's fees and costs for the preparation of the motion to dismiss.  The plaintiff was also warned that "any future failure to comply with court process, a court notice, or a court order will result in the dismissal of this lawsuit with prejudice."  Doc. #16, p. 2.  On September 16, 2005,

defendant filed a notice indicating that it did not object to the report and recommendation.  Plaintiff filed no objections to the report and recommendation.

There being no objections, the court hereby adopts the report and recommendation (Doc. #16).  Defendant's first motion to dismiss (Doc. #11) is denied.  However, defendant's request for sanctions (Doc. #11) is granted, and plaintiff is ordered to pay defendant five hundred dollars ($500.00) to cover attorney's fees and costs incident to the first scheduled deposition.

On September 19, 2005, defendant filed a second motion to dismiss.  According to the affidavit of Brian Laliberte, counsel for defendant, plaintiff represented to defense counsel that he would be available for deposition until September 21, 2005. Plaintiff was served with a notice on September 6, 2005, for a deposition to be conducted on September 16, 2005.  On September 14, 2005, plaintiff sent defendant a letter indicating that he would not be appearing at the deposition because he had scheduled an out-of-town trip on that date and would not return until September 23, 2005.  On September 15, 2005, a letter was hand-delivered to plaintiff advising him that the deposition would not be cancelled, and that defendant intended to file a renewed motion to dismiss if plaintiff failed to appear.  Plaintiff did not appear for the deposition on September 16th.  Plaintiff has not responded to defendant's second motion to dismiss.

Fed.R.Civ.P. 37(d) provides that if a party fails to appear for a deposition after being served with a proper notice, the court "may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs

2

(A), (B), and (C)" of Fed.R.Civ.P. 37(b)(2). Under Fed.R.Civ.P. 37(b)(2)(C), the court is authorized to enter an order dismissing the action. Synthes Spine Co., L.P. v. Calvert, 270 F.Supp.2d 939, 941-42 (E.D.Mich. 2003). This court also has the authority to dismiss an action under Fed.R.Civ.P. 41(b) for failure to prosecute due to plaintiff's failure to appear at his deposition. Belliard v. Royal Bank of Scotland PLC, 213 F.R.D. 144 (S.D.N.Y. 2003).

In considering whether to dismiss an action under Rule 37(b), the court considers: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002).

Plaintiff did not appear for the first scheduled deposition, and offered no reasonable excuse for his failure to appear. He indicated that he would not appear for the second deposition due to travel plans even though he had previously indicated that he would be available on that date and had ample notice of the scheduled deposition. Plaintiff has not responded to the second motion to dismiss. Defendant has had to expend resources for depositions on two occasions. Following his failure to appear at the first deposition, plaintiff was warned by the magistrate judge in the report and recommendation that his failure to appear could lead to dismissal. Finally, the magistrate judge imposed a lesser sanction in response to plaintiff's failure to appear at the first scheduled deposition, and this sanction obviously had no impact on

3

plaintiff's conduct in this litigation.

Defendant's motion to dismiss (Doc. #19) pursuant to Rules 37(d) and 41(b)for plaintiff's failure to attend the second scheduled deposition and for failure to prosecute is hereby granted, and this action is dismissed with prejudice.

Date: November 17, 2005         _____s\James L. Graham_____
                                James L. Graham
                                United States District Judge